## SEAL v. BEACH.

(Circuit Court, D. New Jersey. December 26, 1901.)

1. PATENTS—EFFECT OF LICENSE—ESTOPPEL OF LICENSOR TO DENY VALIDITY.
    The owner of a patent, who, for a valuable consideration, has granted an exclusive license thereunder, is estopped to deny that the licensee took good title to the privilege which he undertook to convey; and he cannot defend against a suit by the licensee against him for infringement on the ground that he had granted a prior license, of which complainant had notice.

2. SAME—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.
    In a suit for infringement by an exclusive licensee under a patent against the licensor, a defense that the license was procured by fraud cannot be considered on a motion for preliminary injunction, especially where the defendant has retained the consideration received, and has taken no steps to procure a rescission; and, for the purposes of such motion, the license must be treated as valid.

In Equity. Suit for infringement of letters patent No. 414,335, issued November 5, 1889, to Charles Henry Webb, as assignee of

Lester C. Smith, for an improvement in adding machines. On motion for preliminary injunction.

A. Parker-Smith, for complainant.
R. A. Parker, for defendant.

KIRKPATRICK, District Judge. The bill of complaint in this case sets out: That some time in the year 1889 Lester C. Smith filed an application with the proper authorities for a patent for a new and useful improvement in adding machines, and that before the patent office had acted upon said application said Smith conveyed to Charles Henry Webb all his right, title, and interest in and to said application, and the invention and improvement covered thereby, and requested that said patent, when granted, be issued to said Webb. Accordingly, on November 5, 1889, a patent (No. 414,335) issued from the patent office to said Webb for such improvement. That afterwards said Webb conveyed to Webb's Adder Company all of his right, title, and interest in said patent, and the said company afterwards conveyed the same to Edwin R. Beach, who is the sole defendant in this suit. The bill also recites that afterwards the said Edwin R. Beach granted to the complainant, by instrument in writing dated July, 1900, the full and exclusive license and authority to make and sell the improvement covered by said letters patent No. 414,335, for a period of three years, beginning August 1, 1900. The bill further alleges compliance on the part of the complainant with her part of said agreement of license, the payment of the sum of the $300 called for therein, and the expenditure of a large sum of money in preparation to put upon the market the required number of adders. The bill charges infringement by said licensor, in that he had sold adders covered by the claims of the patent, which, to his knowledge, were made, not by the complainant, but contrary to the terms of the license. There is a prayer for an injunction pendente lite restraining defendant and his agents from further infringement.

The answering affidavits do not deny the specific charges of infringement set out in the bill of complaint, and which consist of sales of the patented article during the term of the license, but seek to justify them on the ground that the complainant did not get good title to her license—First, because the defendant at the time of executing said license had no legal authority to make the license, he having before that time given a similar exclusive license to another party, of which the complainant had notice; and, second, because, as defendant alleges, he was induced to execute the license to the complainant through false representations made by one Herring, who acted as complainant's agent in procuring the license, as to the financial responsibility of the prior licensee, and its capability to carry out its contract.

It is well settled that, as against the owner of a patent, a licensee cannot set up invalidity to avoid the payment of the royalties. He is estopped from so doing by acceptance of the license. For like reason it would seem inequitable and unjust that the grantor of an exclusive license under a patent should be permitted, during the term of the grant, to deny that the grantee took good title to the privilege which he himself undertook to convey. In a suit between the licensee and

third parties this objection might be raised, but surely not by one who received a valuable consideration for the grant. The purchaser of a license takes it subject to all outstanding licenses, and notice of their existence is not essential to their validity, nor necessary for their enforcement. Notice of an outstanding prior license would not render void, as between the parties, the license which had been given and accepted, but merely affect any remedy in the way of damages which might be sustained by reason of its existence. Whatever may be the right of the complainant under the license as against third parties, certainly as against the licensor she is entitled to protection.

The other defense cannot be sustained at this time. Allegations of fraud such as are relied on cannot be considered now. Their determination must await determination on final hearing. Until that time the license speaks for itself. It is admitted that when the contract was signed, according to its terms, the licensor accepted $300. For more than a year this money has been retained, and no action has been taken by the defendant to rescind the contract for the fraud he now sets up, nor has he refunded the money. In the meanwhile he has stood idly by and permitted the complainant to expend large sums of money in preparing to make and put upon the market the patented machines.

On the case as made on the moving papers and answering affidavits, I am of opinion that the complainant is entitled to the preliminary injunction against the defendant as prayed for. Let a decree be prepared.